UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Deana J. Kinder and Anthony K. Kinder, | ) | Civil Action No.:  4:15-cv-01416-RBH |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| City of Myrtle Beach and John Does 1-99, | ) | |
| | ) | |
| Defendants. | ) | |
| ———————————————— | ) | |

This matter is before the Court for resolution of a motion for summary judgment filed by Defendant City of Myrtle Beach ("the City"). *See* ECF No. 91. The Court grants the motion for the reasons herein.[1]

### **Summary Judgment Standard**

Summary judgment is appropriate when no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. *Reyazuddin v. Montgomery Cty., Md.*, 789 F.3d 407, 413 (4th Cir. 2015); *see* Fed. R. Civ. P. 56(a) ("The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."). "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record . . . ; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). The facts and inferences to be drawn from the evidence must be viewed in the light most favorable to the non-moving party, *Reyazuddin*, 789 F.3d at 413, but the Court "cannot weigh the evidence or make credibility

---

[1]    Pursuant to Local Rule of Civil Procedure 7.08, the district court may decide motions without a hearing. The Court has reviewed the parties' filings and determined a hearing in this matter is unnecessary.

determinations." *Jacobs v. N.C. Admin. Office of the Courts*, 780 F.3d 562, 569 (4th Cir. 2015).

Moreover, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). "A dispute of material fact is 'genuine' if sufficient evidence favoring the non-moving party exists for the trier of fact to return a verdict for that party." *Seastrunk v. United States*, 25 F. Supp. 3d 812, 814 (D.S.C. 2014). A fact is "material" if proof of its existence or nonexistence would affect disposition of the case under the applicable law. *Anderson*, 477 U.S. at 248.

At the summary judgment stage, "the moving party must demonstrate the absence of a genuine issue of material fact. Once the moving party has met his burden, the nonmoving party must come forward with some evidence beyond the mere allegations contained in the pleadings to show that there is a genuine issue for trial." *Baber v. Hosp. Corp. of Am.*, 977 F.2d 872, 874-75 (4th Cir. 1992) (internal citation omitted). Summary judgment is not warranted unless, "from the totality of the evidence, including pleadings, depositions, answers to interrogatories, and affidavits, the [C]ourt believes no genuine issue of material fact exists for trial and the moving party is entitled to judgment as a matter of law." *Whiteman v. Chesapeake Appalachia, L.L.C.*, 729 F.3d 381, 385 (4th Cir. 2013); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).

## Background

On October 10, 2009, Deana J. Kinder allegedly stepped into a pothole located in a parking lot owned by the City and sustained a severe fracture to her left leg. *See* Complaint, ECF No. 1. On October 11, 2011, Mrs. Kinder and her husband (collectively, "Plaintiffs"), who are residents of Ohio, filed a summons and complaint against the City in the United States District Court for the Southern

District of Ohio asserting diversity jurisdiction pursuant to 28 U.S.C. § 1332. *See id.* Plaintiffs asserted causes of action for negligence per se, ordinary negligence, and loss of consortium. *Id.* Plaintiffs did not serve the City with the summons and complaint until June 21, 2012. *See* Affidavit of Service, ECF No. 7.

On March 27, 2015, the Ohio district court issued an order ruling it lacked personal jurisdiction over the City and transferring the case to the United States District Court for the District of South Carolina.[2] *See* ECF No. 33. The City has now filed a motion for summary judgment. *See* ECF No. 91. Plaintiffs have filed a response in opposition, and the City has filed a reply. *See* ECF Nos. 92 & 94.

**Discussion**

I.    **The Parties' Arguments**

The City moves for summary judgment on the basis that Plaintiffs' action was not timely commenced. Specifically, the City argues service did not occur before the running of the two-year statute of limitations of the South Carolina Tort Claims Act ("SCTCA"),[3] nor within 120 days after the filing of the summons and complaint as required by section 15-3-20(B) of the South Carolina Code (2005) and Rule 3(a)(2) of the South Carolina Rules of Civil Procedure.

In response, Plaintiffs argue Ohio's bodily injury statute of limitations—not that of the SCTCA—governs this action.[4] Alternatively, Plaintiffs argue the City should be equitably estopped

---

[2]    Plaintiffs appealed the Ohio district court's order, and on July 20, 2015, the United States Court of Appeals for the Sixth Circuit dismissed the appeal as interlocutory because the order was not immediately appealable. *See Kinder v. City of Myrtle Beach*, No. 15-3480, 2015 WL 4456562 (6th Cir. July 20, 2015).

[3]    S.C. Code Ann. §§ 15-78-10 through -220 (2005 & Supp. 2015).

[4]    Plaintiffs seek application of Ohio law because it contains a favorable definition of when a civil action is "commenced." Although Ohio's bodily injury statute of limitations is two years (just like the SCTCA), *see* Ohio Rev. Code Ann. § 2305.10(A), Rule 3(A) of the Ohio Rules of Civil Procedure provides, "A civil action is commenced by filing a complaint with the court, ***if service is obtained within __one year__*** from such filing upon a named defendant . . . ." Ohio Civil Rule 3(A) (emphasis added). As explained below, Rule 3(a)(2) of the South Carolina

3

from asserting the two-year SCTCA limitations period as a defense.

## II.    Applicable Law and Analysis

### A.    The SCTCA's Two-Year Statute of Limitations Applies

In a diversity action, a federal court must apply state law not only to determine the relevant statute of limitations but also to determine when a civil action is "commenced" for purposes of the limitations period.[5] *Walker v. Armco Steel Corp.*, 446 U.S. 740, 751-53 (1980); *Ragan v. Merchants Transfer & Warehouse Co.*, 337 U.S. 530, 534 (1949).[6]  *See also Alday v. Tecphy Div. Firminy*, 10 F. Supp. 2d 562, 563 (D.S.C. 1998) ("A federal court sitting in diversity must follow state law in determining when an action is commenced for purposes of applying the statute of limitations."), *aff'd*, 182 F.3d 906 (4th Cir. 1999).  South Carolina law is applicable to this tort action because the alleged injury occurred in South Carolina.  *Alday*, 10 F. Supp. 2d at 563.

The SCTCA "governs all tort claims against governmental entities and is the ***exclusive civil remedy*** available in an action against a governmental entity or its employees."  *Shirley's Iron Works, Inc. v. City of Union*, 403 S.C. 560, 571, 743 S.E.2d 778, 783 (2013) (emphasis added); *see* S.C. Code Ann. § 15-78-20(b) (2005) ("The remedy provided by this chapter is the ***exclusive civil remedy*** available for any tort committed by a governmental entity, its employees, or its agents . . . ." (emphasis

---

Rules of Civil Procedure contains a shorter time frame for service accomplished outside the statute of limitations—120 days—and thus a shorter time frame for commencing a civil action.

[5]    Thus, "in a federal diversity case Federal Rule of Civil Procedure 3 does not commence an action on a state law claim for statute of limitations purposes[.]" *Minyard Enterprises, Inc. v. Se. Chem. & Solvent Co.*, 184 F.3d 373, 381 n.10 (4th Cir. 1999) (citing *Walker*, 446 U.S. at 751).

[6]    The issue presented in *Walker* and *Ragan* was not timeliness of service of process, but rather when the action was deemed "commenced" for purposes of the applicable state statutes of limitations.  In both cases, the plaintiffs argued that commencement of an action should be governed by federal law, specifically, Federal Rule of Civil Procedure 3, which provides, "A civil action is commenced by filing a complaint with the court."  However, the applicable state law required something more than the filing of a complaint to "commence" an action.  *See Walker*, 446 U.S. at 742-43; *Ragan*, 337 U.S. at 531 & n.4.

4

added)).[7]  The SCTCA imposes a two-year statute of limitations for actions brought against a governmental entity such as the City.[8]  S.C. Code Ann. § 15-78-110 (2005).  Thus, as an initial matter, the Court rejects Plaintiffs' argument that Ohio's bodily injury statute of limitations governs this action: because Plaintiffs' suit is against the City, which can be sued only under the SCTCA, the SCTCA's two-year statute of limitations applies to Plaintiffs' suit.

### B.    Plaintiffs' Action Was Not Timely Commenced

South Carolina requires both *filing* of the summons and complaint and *service* on the defendant to commence a civil action.  Section 15-3-20(B) of the South Carolina Code provides: "A civil action is commenced when the summons and complaint are filed with the clerk of court if actual service is accomplished within one hundred twenty days after filing."  S.C. Code Ann. § 15-3-20(B) (2005) (emphasis added).  South Carolina Rule of Civil Procedure 3(a) similarly provides:

> **(a) Commencement of civil action.**  A civil action is commenced when the summons and complaint are filed with the clerk of court if:
>
> (1)    the summons and complaint are served within the statute of limitations in any manner prescribed by law; or
>
> (2)    **if not served within the statute of limitations, actual service must be accomplished not later than one hundred twenty days after filing.**

Rule 3(a), SCRCP (second emphasis added).  *See Walker*, 446 U.S. at 741, 751-53 (holding a federal court must follow state law—not Federal Rule of Civil Procedure 3—in determining when an action

---

[7]    The Act provides that a governmental entity is "liable for [its] torts in the same manner and to the same extent as a private individual under like circumstances, subject to the limitations upon liability and damages, and exemptions from liability and damages, contained herein."  S.C. Code Ann. § 15-78-40 (2005).

[8]    The statute of limitations is extended to three years if the plaintiff files a verified claim within one year of the loss or injury.  S.C. Code Ann. § 15-78-110 (2005); *see* S.C. Code Ann. § 15-78-80 (2005 & Supp. 2015) (codifying the verified claim procedure).  Plaintiffs did not file a verified claim in this case.

5

is commenced for the purpose of tolling the state statute of limitations); *Stafford v. Doscher Supermarkets, Inc.*, 842 F.2d 1292, 1988 WL 21674, at *1 (4th Cir. 1988) (unpublished table decision) (recognizing South Carolina Rule of Civil Procedure 3—not Federal Rule of Civil Procedure 3—governs when a civil action is commenced in a diversity case); *Brown v. Marriot Int'l, Inc.*, No. 2:04-cv-02378-CWH, 2007 WL 1840231, at *1-2 (D.S.C. June 22, 2007) (applying South Carolina Rule of Civil Procedure 3 to determine an action was not "commenced" within the applicable statute of limitations).  The South Carolina Supreme Court has addressed the significance of section 15-3-20(B) and Rule 3(a), explaining:

> The legislative intent [of] section 15-3-20(B) [is] to provide a safety net for cases where filing of the summons and complaint occurs near the end of the statute of limitations and service is made after the limitations period has run.  The statute and the rule, read together, provide that (1) an action is commenced upon filing the summons and complaint, if service is made within the statute of limitations, and (2) if filing but not service is accomplished within the statute of limitations, then service must be made within 120 days of *filing*.
>
> . . . .
>
> The 120-day period only has relevance if service is accomplished outside of the statute of limitations. **When service occurs outside of the statute of limitations it must occur within 120 days of filing the complaint.**

*Mims ex rel. Mims v. Babcock Ctr., Inc.*, 399 S.C. 341, 346-47, 732 S.E.2d 395, 397-98 (2012) (bold emphasis added).

  In this case, Plaintiffs timely *filed* the summons and complaint, doing so on the last day of the SCTCA's two-year statute of limitations, October 11, 2011.[9]  However, Plaintiffs did not *serve* the City

---

[9]     October 10, 2011, would have been the final day of the statute of limitations, but because it was a federal holiday (Columbus Day), October 11 became the last day of the statute of limitations.  *See* Fed. R. Civ. P. 6(a)(1); Rule 6(a), SCRCP.

until June 21, 2012, which was more than 120 days after the summons and complaint were filed. Consequently, under South Carolina law, Plaintiffs' civil action against the City was not timely *commenced* because service did not occur within the statute of limitations or within 120 days of the filing of the summons and complaint.[10]  *See* S.C. Code Ann. § 15-3-20(B) (2005); Rule 3(a), SCRCP.

### C.    Equitable Estoppel Does Not Apply

As noted above, Plaintiffs alternatively argue the City should be equitably estopped from asserting the two-year SCTCA limitations period as a defense.  The Court disagrees.

In South Carolina, a defendant may be estopped from claiming the statute of limitations as a defense if some conduct or representation by the defendant has induced the plaintiff to delay in filing suit.  *Black v. Lexington Sch. Dist. No. 2*, 327 S.C. 55, 61, 488 S.E.2d 327, 330 (1997) (internal quotation marks omitted).  "This may consist of either an express representation that the claim will be settled without litigation or by conduct suggesting a lawsuit is unnecessary." *Vines v. Self Mem'l Hosp.*, 314 S.C. 305, 308, 443 S.E.2d 909, 911 (1994).  "Application of equitable estoppel does not require an intentional misrepresentation.  It is sufficient if the plaintiff reasonably relied upon the words or conduct of the defendant in allowing the limitations period to expire." *Hedgepath v. AT&T*, 348 S.C.

---

[10]    The Court notes that on February 29, 2012 (over four months after Plaintiffs filed their complaint), the Ohio district judge issued an Order to Show Cause why Plaintiffs' complaint should not be dismissed for failure of service under Federal Rule of Civil Procedure 4(m).  ECF No. 3.  Plaintiffs filed a response on March 20, 2012, stating "their failure to serve [the City] with a summons and copy of the complaint, or with a request for waiver of service, was an oversight by their counsel."  ECF No. 4.  The clerk of the Ohio district court subsequently reissued a summons, and the City was ultimately served on June 21, 2012.  ECF Nos. 6 & 7.

Although the Ohio district court implicitly extended the time for service under Federal Rule 4(m) (by not dismissing Plaintiffs' complaint for failure of service), such an extension affords no relief to Plaintiffs because South Carolina law—i.e., section 15-3-20(B) and South Carolina Rule 3(a)—still governs when Plaintiffs "commenced" this action for purposes of the statute of limitations.  *See, e.g.*, *Brown*, 2007 WL 1840231, at *2 n.3 ("Because the Court must apply South Carolina Rule 3 to determine when the plaintiff commenced this action, extending the time to serve the defendant pursuant to Federal Rule 4(m) affords no relief to the plaintiff.").  In other words, the Ohio district court could extend the time for service but could not extend the statute of limitations/time for commencement of an action under South Carolina law.

340, 360, 559 S.E.2d 327, 338-39 (Ct. App. 2001).

"Generally, the issue of whether estoppel bars a defendant from claiming the statute of limitations is a jury question." *Vines*, 314 S.C. at 309, 443 S.E.2d at 911. "However, where the record contains no evidence of conduct on the defendant's part warranting estoppel, summary judgment is proper." *Id.*

Plaintiffs contend the City should be equitably estopped from asserting the two-year SCTCA limitations period as a defense "due to its deceitful conduct on and after December 23, 2009." ECF No. 92 at 9. In support of this contention, Plaintiffs have submitted the following evidence:

- A loss report that a City representative obtained from Mrs. Kinder on October 13, 2009. This loss report contains the following disclaimer: "**THE ACCEPTANCE OF THIS FORM IS NOT AN ADMISSION OF LEGAL OR FINANCIAL LIABILITY ON THE PART OF THE CITY OF MYRTLE BEACH. THE CITY ACCEPTS THIS FORM AS AN ACCOUNT OF THE FACTS AS YOU UNDERSTAND THEM. HOWEVER, THIS FORM DOES NOT CONSTITUTE A 'VERIFIED CLAIM', AS SET FORTH IN S.C. CODE 15-78-10 et seq AND IS NOT ACCEPTED AS SUCH BY THE RECEIVING ENTITY.**"

- A letter that the City's claims adjuster—Companion Third Party Administrators ("CTPA")—sent Mrs. Kinder on November 17, 2009, stating, "We completed our investigation into your ***claim*** and do not feel the City is liable for your injuries." (emphasis added)

- A letter of representation that Plaintiffs' Ohio counsel (Thomas J. Intili) faxed CTPA on December 23, 2009, asking for copies of all written or recorded statements that Plaintiffs had given CTPA.

- A second letter of representation that Mr. Intili faxed CTPA on January 28, 2010, with a copy of the December 23, 2009 letter.

- An affidavit by Mrs. Kinder who states: (1) she was on strong pain medications on October 13, 2009, when she signed the loss report; (2) she did not receive a copy of the loss report until the City attached it to a motion for summary judgment filed on September 7, 2012, in the Ohio district court; and (3) she honestly believed she had a valid claim for compensation under South Carolina law based on the November 17, 2009 letter from CTPA.

- An affidavit by Mr. Intili who states: (1) he did not receive a copy of the October 13, 2009 loss report until the City attached it to the motion for summary judgment filed on September 7, 2012, in the Ohio district court; (2) he honestly believed Mrs. Kinder had a valid state tort claim under South Carolina law based on the November 17, 2009 letter; (3) CTPA did not respond to either the December 23, 2009 letter or the January 28, 2010 letter; (4) he honestly and reasonably believed Ohio's two-year bodily injury statute of limitations applied to Plaintiffs' claims; and (5) if the City or CTPA had sent him a copy of the October 13, 2009 loss report, he would have taken notice of the disclaimer and investigated the particulars of perfecting a verified claim under the SCTCA.

ECF Nos. 92-1 through 92-6.

Based on this evidence, Plaintiffs assert the City "withheld, indeed concealed" the October 13, 2009 loss report "so that neither she [Mrs. Kinder], nor her Ohio counsel, would be placed on reasonable notice of the mechanics of perfecting a verified" claim under the SCTCA.[11] ECF No. 92 at 10. Plaintiff contend "the City induced the Kinders and their counsel into believing that the Kinders had perfected a verified [SCTCA] claim" because CTPA—the City's claims adjuster—sent Mrs. Kinder the November 17, 2009 letter referencing her "claim," and because CTPA accepted Mr. Intili's two letters/faxes without responding to them or producing the October 13, 2009 loss report. *Id.* at 12. Plaintiffs argue that on the date they filed their complaint, they "believed honestly and reasonably that it was the Ohio statute of limitations with which they were legally obliged to comply, it being one year shorter than South Carolina's three-year state tort claims act statute for a verified claim."[12] *Id.* at 9. Plaintiffs claim that because the City (and CTPA) did not respond to Mr. Intili's December 23, 2009 and January 28, 2010 correspondence, the City "induced the Kinders and their counsel to believe that Ohio's shorter statute of limitations was applicable to its filing in Cincinnati." *Id.* at 13.

---

[11]     Plaintiffs liken the alleged withholding of the loss report to an improper claims practice, and also assert CTPA violated South Carolina's Freedom of Information Act in neither producing the loss report nor notifying counsel of its public availability within fifteen days of Mr. Intili's December 23, 2009 letter. ECF No. 92 at 10-11.

[12]     *See supra* footnote 8 (discussing the three-year limitations period for verified claims under the SCTCA).

Plaintiffs' evidence and arguments are unavailing. Regardless of what they or their Ohio counsel believed, the SCTCA—as a matter of law—provides their exclusive civil remedy against the City (which is a South Carolina governmental entity), and therefore the SCTCA's statute of limitations applies to their claims. *See* S.C. Code Ann. § 15-78-20(b) (2005) ("The remedy provided by this chapter is the ***exclusive civil remedy*** available for any tort committed by a governmental entity, its employees, or its agents . . . ." (emphasis added)). Plaintiffs have made no showing that they delayed filing suit or delayed service of process in reliance upon the City's conduct. In reality, Plaintiffs timely filed their summons and complaint within the SCTCA's two-year statute of limitations, and thus there is no genuine issue of material fact regarding their need to pursue the verified claim procedure that has a longer (three-year) limitations period.[13] Plaintiffs have presented no evidence of any conduct by the City that prevented them from serving the City within 120 days after they filed their summons and complaint. Plaintiffs have even admitted in a court document that their failure to timely serve the City "was an oversight by their counsel." ECF No. 4 at 1. The Court is not without sympathy for Plaintiffs, especially Mrs. Kinder, and their alleged injuries. However, Plaintiffs' failure to timely commence this

---

[13]     Regarding Plaintiffs' assertion that they believed they "had perfected a verified [SCTCA] claim," *see* ECF No. 92 at 12, Plaintiffs have submitted no evidence to defeat summary judgment on this ground. The verified claim statute in the SCTCA contains very specific requirements, *see* S.C. Code Ann. § 15-78-80 (2005 & Supp. 2015), and South Carolina "courts have repeatedly held strict compliance with the verified claim statute is mandatory." *Joubert v. S.C. Dep't of Soc. Servs.*, 341 S.C. 176, 189, 534 S.E.2d 1, 8 (Ct. App. 2000). Mrs. Kinder's affidavit neither mentions the verified claim procedure nor explains how she strictly complied with it; most telling is the fact that Mrs. Kinder never gave an oath supporting any claim. *See Searcy v. S.C. Dep't of Educ., Transp. Div.*, 303 S.C. 544, 546-48, 402 S.E.2d 486, 487-88 (Ct. App. 1991) (detailing the verified claim procedure; and affirming the trial court's grant of summary judgment because "[a]s the record reflects, neither Searcy's pupil accident claim nor her school bus accident report is supported by an oath," and "[w]ithout an oath, neither document can be considered as having been verified"); *id.* at 548, 402 S.E.2d at 488 ("The trial court, therefore, properly held the three-year statute of limitations inapplicable. Because she did not file a verified claim, Searcy had only two years from the date she discovered or should have discovered her loss to bring an action."). Additionally, despite Mr. Intili's statement that he would have "investigated the particulars of perfecting a verified South Carolina state tort claim" had the City sent him a copy of the loss report, *see* ECF No. 92-6 at 3, there is no reasonable inference that the City had an obligation to explain South Carolina law (much less the SCTCA's verified claim procedure) to him or Plaintiffs. From the beginning, Mr. Intili should have sought the expertise of a South Carolina attorney.

action is entirely their fault, and summary judgment is proper because the record contains no evidence of conduct by the City warranting estoppel. *See Vines*, 314 S.C. at 309, 443 S.E.2d at 911.

## Conclusion

For the foregoing reasons, the Court **GRANTS** the City's motion for summary judgment [ECF No. 91] and **DISMISSES** this action *with prejudice*.

**IT IS SO ORDERED.**

Florence, South Carolina
January 19, 2017

s/ R. Bryan Harwell
R. Bryan Harwell
United States District Judge